Dear Director Hendryx:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does the Office of Juvenile System Oversight, a division of the Oklahoma Commission on Children and Youth, have authority pursuant to 10 O.S. Supp.2006, § 601.6(A) to inspect and monitor county jails and investigate complaints against county jails with regard to their detention and treatment of youths who shall be held accountable for their acts as if they were adults prior to a verdict of guilty or the entry of a plea of guilty or nolo contendere?
Title 10 O.S. Supp.2006, § 601.6(A) provides:
 The Office of Juvenile System Oversight shall have the responsibility of investigating and reporting misfeasance and malfeasance within the children and youth service system, inquiring into areas of concern, investigating complaints filed with the Office of Juvenile System Oversight, and monitoring the children and youth service system to ascertain compliance with established responsibilities.
Id. Title 10 O.S. 2001, § 600 [10-600](1) defines "[c]hildren and youth service system" as "health, mental health, social, rehabilitative assistance and educational services provided to children and youth by and through the courts and public and private agencies[.]" In performing its duties, the Office of Juvenile System Oversight has "the authority to examine all records and budgets pertaining to the children and youth service system" and has "access to all facilities within the children and youth service system for the purpose of conducting site visits and speaking with the residents of such facilities[.]" 10 O.S. Supp.2006, § 601.6(B)(1).[1]
The specific issues here are whether youths awaiting trial on criminal charges who shall be held accountable for their acts as if they were adults [hereinafter Youths Accountable as Adults],[2] but who have not yet been convicted and sentenced are "children and youth," and whether a county jail housing these youths is a facility within the "children and youth service system."
 YOUTHS ACCOUNTABLE AS ADULTS ARE "YOUTHS."
The Youthful Offender Act ("Act"), 10 O.S. 2001 Supp.2006, §§ 7306-2.1-7306-3.1, was enacted to place youthful offenders[3] whom the courts find to be amenable to rehabilitation by the methods prescribed in the Act into the custody or under the supervision of the Office of Juvenile Affairs. 10 O.S. Supp.2006, § 7306-2.2(B). In this Act the Legislature stated that Youths Accountable as Adults are "youths." See id. § 7306-2.2. The Legislature provided certain statutory protection to both Youths Accountable as Adults and to youthful offenders upon their arrest and detention. See 10 O.S. 2001 Supp.2006, §§ 7306-2.1-7306-3.1.
One such provision of this Act giving protection is Section 7306-2.4(D). This section gives protection to persons subject to the provisions of Section 7306-2.5 or Section 7306-2.6.[4] The persons to whom this protection is given include Youths Accountable as Adults and youthful offenders.
The statutory protection provided by Section 7306-2.4(D) is that those persons to whom it applies "if detained, may be detained in a county jail if separated by sight and sound from the adult population as otherwise authorized by law. If no such county jail is available, then such person may be detained at a juvenile detention facility. The sheriff, chief of police, or juvenile or adult detention facility operator shall forthwith notify the Department of Juvenile Justice of any such arrest and detention." Id. Thus, the Legislature clearly intended that both youthful offenders and Youths Accountable as Adults be treated as youths, not as adults, and separated from the adult population while detained in county jail.[5]
This statutory protection continues until a verdict of guilty or entry of a plea of guilty or nolo contendere; at this time, "the person may be detained as an adult and, if incarcerated, may be incarcerated with the adult population." 10 O.S. Supp.2006, § 7306-2.4(E).
Because the Legislature calls Youths Accountable as Adults "youths" and intended that they be treated as youths, prior to a verdict of guilty or the entry of a plea of guilty or nolo contendere, they fall within the definition of "children and youth."
 A COUNTY JAIL HOUSING YOUTHS ACCOUNTABLE AS ADULTS IS PART OF THE "CHILDREN AND YOUTH SERVICE SYSTEM."
Any facility where "health, mental health, social, rehabilitative assistance and educational services" are provided to Youths Accountable as Adults is a facility within the "children and youth service system." 10 O.S. 2001, § 600[10-600](1). Adequate medical care shall be provided in a jail. "The [facility] administrator shall develop and implement written policies and procedures for complete emergency medical and health care services." OAC 310:670-5-8. Further, 10 O.S. Supp.2006, § 7306-3.1 requires that the State Department of Education afford children under eighteen (18) years of age, including those subject to adult prosecution, educational opportunities while in jail. Therefore, a county jail housing Youths Accountable as Adults is a facility within the "children and youth service system." The Office of Juvenile System Oversight has access, pursuant to 10 O.S. Supp.2006, § 601.6(A), to a county jail housing Youths Accountable as Adults for the purpose of "investigating and reporting misfeasance and malfeasance . . . inquiring into areas of concern, investigating complaints," speaking with residents and monitoring to "ascertain compliance with established responsibilities." Id.
 It is, therefore, the official Opinion of the Attorney Generalthat:
 The Office of Juvenile System Oversight, a division of the Oklahoma Commission on Children and Youth, has authority pursuant to 10 O.S. Supp.2006, § 601.6(A) to inspect and monitor county jails and investigate complaints against county jails with regard to their detention and treatment of youths who shall be held accountable for their acts as if they were adults prior to a verdict of guilty or the entry of a plea of guilty or nolo contendere.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 BRINDA K. WHITE ASSISTANT ATTORNEY GENERAL
[1] The State Department of Health is also authorized to inspect adult detention facilities used to detain juveniles to determine if they comply with standards for certification established by that department with the assistance of the Office of Juvenile Affairs. 10 O.S. 2001, § 7304-1.3[10-7304-1.3] (E). Such standards include: "[s]eparation of juveniles from adults; supervision of juveniles; and health and safety measures for juveniles." Id. While there may be some overlap in the issues addressed by the State Department of Health and the Office of Juvenile System Oversight, each agency is charged by the Legislature with its own responsibilities for the welfare of persons under eighteen years of age detained in jails.
[2] Youths Accountable as Adults are persons fifteen (15), sixteen (16) or seventeen (17) years of age who have been charged with murder in the first degree, and youths thirteen (13) or fourteen (14) years of age who have been charged with murder in the first degree but who have not been certified as youthful offenders or juveniles. Id. § 7306-2.5(A), (B).
[3] "Youthful offender" means a person:
 a. thirteen (13) or fourteen (14) years of age who is charged with murder in the first degree and certified as a youthful offender as provided by Section 7306-2.5 of this title,
 b. fifteen (15), sixteen (16), or seventeen (17) years of age and charged with a crime listed in subsection A of Section 7306-2.6 of this title, and
 c. sixteen (16) or seventeen (17) years of age and charged with a crime listed in subsection B of Section 7306-2.6 of this title,
 if the offense was committed on or after January 1, 1998[.]
10 O.S. Supp.2006, § 7306-2.2(A)(1). The Legislature amended Section 7306-2.2 in 2007, but those amendments are not germane to your question. See 2007 Okla. Sess. Laws ch. 1, §§ 9,10 (repealing duplication and combining amendments made in 2006).
[4] Section 7306-2.5(A) states that any "person thirteen (13) or fourteen (14) years of age who is charged with murder in the first degree shall be held accountable for the act as if the person was an adult; provided, the person may be certified as a youthful offender or a juvenile. . . ." Id. "Any person fifteen (15), sixteen (16) or seventeen (17) years of age who is charged with murder in the first degree at that time," however, "shall be held accountable for his or her act as if the person was an adult and shall not be subject to the provisions of the Youthful Offender Act or the provisions of the Juvenile Code for certification as a juvenile." Id. § 7306-2.5(B). In other words, Section 7306-2.5 applies both to persons who "shall be held accountable" for their acts "as if" they were adults and to persons certified as youthful offenders or juveniles. Section 7306-2.6 sets out those instances in which persons under the age of eighteen (18) years shall be held accountable for their acts as youthful offenders.
[5] Title 10 O.S. Supp.2006, § 7306-2.4(B) states that youthful offenders and persons certified to stand trial as adults are also given the same statutory and constitutional rights and protections of an adult accused of a crime. Even though Youths Accountable as Adults are not tried in the juvenile justice system, but rather stand trial as adults, they are given the additional statutory protection, as set out above. Youths Accountable as Adults are not adults, but rather are afforded the rights of adults as well as additional protection mandated by statute.